Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6820 | **DATE** | 3/15/2004 |
| **CASE TITLE** | American Massage Therapy vs. Flokers, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for preliminary injunction is granted. Enter Order. The preliminary injunction will remain in effect until superceded by a further order of this court. A copy of this order shall be served upon defendants by plaintiff by overnight delivery within 5 days of the date thereof. Plaintiff shall also post a bond in the sum of $5,000.00 in a form acceptable to the court. Defendant's motion to strike (47-1) is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 16 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 55 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | 2004 MAR 15 PM 5:17 | 3/15/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN MASSAGE THERAPY ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 6820 |
| CHRIS FOLKERS, d/b/a COUNCIL OVERSEEING MEDICAL & MASSAGE THERAPY ACCREDITATION, and JAMES LATTANZIO | ) ) ) ) ) ) |
| Defendants. | ) ) |

DOCKETED
MAR 16 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff American Massage Therapy Association ("AMTA"), which was established in 1943, represents and provides services to over 46,000 massage therapists and 375 massage therapy institutions. In 1996, AMTA established the Commission on Massage Therapy Accreditation ("COMTA"), a specialized accrediting agency recognized by the United States Department of Education. Institutions accredited by COMTA may apply for participation in federal financial aid programs. The accreditation process includes on-site observation and evaluation by independent professionals as well as self-study. Currently, 69 schools have been accredited and more are in the application process.

In 2001, the Galen Institute, a massage therapy school owned by defendant James Lattanzio, applied for COMTA accreditation. That application was denied in May 2003. Shortly afterwards, Mr.

Lattanzio and defendant Chris Folkers formed a new body called the Council Overseeing Medical & Massage Therapy Accreditation ("COMMTA") under the auspices of a new professional organization, the National Organization for the Advancement of Massage Schools and Educators ("NOAMSE"). In June 2003, the defendants began promoting this new body through letters sent to massage therapy school owners and directors and through a website (www.commta.com). To obtain accreditation through COMMTA, a school need only validate that it adheres to its own standards and those of its locality and pay a fee. Two schools have begun advertising themselves as "COMMTA-accredited": Mr. Lattanzio's Galen Institute and the Blue Heron Academy of Healing Arts & Science, a non-COMTA-accredited institution which is owned by a co-chair of NOAMSE.

After numerous requests that the defendants cease using the COMMTA and Council Overseeing Medical & Massage Therapy Accreditation marks went unheeded, AMTA filed this suit. AMTA moves for a preliminary injunction preventing the defendants from infringing upon AMTA's marks. I grant the motion.

A certification mark is "any word, name, symbol, or device ... used by a person other than its owner ... to certify ... quality, accuracy, or other characteristics of such person's goods or services." 15 U.S.C. § 1127. A party seeking a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure must demonstrate that:

> (1) it has some likelihood of succeeding on the merits; (2) it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied; (3) the balance of relative harms weighs in the movant's favor; and (4) the public interest will not be harmed if the injunction issues.

*Club Gene & Georgetti Ltd. P'ship v. La Luna Enters.*, 889 F. Supp. 324, 325 (N.D. Ill. 1995), *citing A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 906 (7th Cir. 1986).

AMTA easily satisfies these criteria. First, it is likely to succeed on the merits of its claim. In order to prevail in this case, AMTA must show that it has a protectable mark (which is not contested) and that a "likelihood of confusion" exists between the parties' marks. *Meridian Mut. Ins. Co., v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997). Likelihood of confusion is determined by seven factors, all of which weigh in the plaintiff's favor to some degree:

> (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of complainant's mark; (6) actual confusion; and, (7) intent of defendant to palm off his product as that of another.

*Id.* The COMTA and COMMTA marks are extremely similar; the products they represent, accreditation of massage therapy schools, are identical; both marks are used nationwide through communication with owners and operators of such schools; students seeking to enroll in massage therapy school might investigate the organization which accredited the schools, but it seems unlikely; the COMTA mark may be assumed to be fairly strong within the industry if 69 schools went through a rigorous process to obtain the right to use

3

it; AMTA points to a few instances of actual confusion on the part of consumers; finally, the similarity of the COMTA and COMMTA marks is so great that it is impossible to avoid the inference of intent to confuse consumers.

Second, AMTA has no remedy at law and may suffer irreparable damage if the injunction is denied. As an accrediting body, COMTA's value depends entirely on the esteem in which it is held within the massage industry. The damage to AMTA which would result from confusion between COMTA and COMMTA is self-evident.

Third, the balance of relative harms weighs in AMTA's favor. COMMTA is a recent coinage whose reputation has apparently yet to spread beyond the schools owned by its founders and board members. The damage the defendants will suffer by being forced to use another mark to identify its accreditation program is much less than the damage AMTA will suffer from dilution of its much more widespread mark.

Lastly, the public interest will be served, not harmed, by protection of intellectual property resulting from the injunction. The motion for a preliminary injunction is granted.[1]

---

[1] Defendants point out that the Canadian Orthopractic Manual Therapy Association has filed a request for extension of time to oppose AMTA's trademark application for the "COMTA" mark with the Trademark Trial and Appeal Board ("TTAB"). This fact is of no consequence to the present action; the question here is whether AMTA is being wrongfully injured by the defendants' actions, not whether AMTA's use of the COMTA mark is injuring other entities.

4

ENTER ORDER:

_Elaine E Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated:     March 15, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN MASSAGE THERAPY )
ASSOCIATION, )
 )
    Plaintiff, )
 )
v. ) No. 03 C 6820
 )
CHRIS FOLKERS, d/b/a COUNCIL )
OVERSEEING MEDICAL & MASSAGE )
THERAPY ACCREDITATION, and JAMES )
LATTANZIO )
 )
    Defendants. )

DOCKETED MAR 1 6 2004

## ORDER

IT IS ORDERED that the defendants, their employees, agents, officers, independent contractors, servants, representatives, and attorneys, and all those who act in concert or participation with them, including without limitation any massage therapy schools and programs that have been accredited by the defendants or to which the defendants have granted a license or permission to use the infringing mark, are preliminarily enjoined from using the mark COMMTA or any other mark that is confusingly similar to the AMTA Marks, including without limitation in marketing, advertising, signage, publications, and on the website associated with the Internet domain name www.commta.com or any other websites;

IT IS FURTHER ORDERED that the plaintiff shall post a bond in the sum of $5,000.00 in a form acceptable to the court; and



IT IS FURTHER ORDERED that this preliminary injunction will remain in effect until superceded by a further order of this court; and

IT IS FURTHER ORDERED that a copy of this order shall be served upon defendants by overnight delivery within five days of the date hereof.

DATED this 15th day of March, 2004.

_____
**Elaine E. Bucklo**
United States District Judge