IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN MASSAGE THERAPY )
ASSOCIATION and THE COMMISSION ON )
MASSAGE THERAPY ACCREDITATION, )
)
Plaintiffs, )
) Case No. 03 C 6820
v. )
) Magistrate Judge Ian H. Levin
CHRIS FOLKERS d/b/a/ COUNCIL )
OVERSEEING MEDICAL & MASSAGE )
THERAPY ACCREDITATION and )
JAMES LATTANZIO, )
)
Defendants. )
)

## MEMORANDUM ORDER AND OPINION

This cause comes before the Court on Plaintiffs American Massage Therapy Association and The Commission on Massage Therapy Accreditation (hereinafter "Plaintiffs") motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). For the reasons herein set forth, the Court grants Plaintiffs' motion.

## BACKGROUND

In December of 2003, Plaintiffs initially sought discovery in this case from Defendants Chris Folkers and James Lattanzio (hereinafter "Defendants"). (Pls.' Mot. at 1.) Plaintiffs served follow-up discovery requests in February and March of 2004. (*Id.*) Because Defendants' responses to Plaintiffs' discovery requests were grossly inadequate and incomplete, Plaintiffs' motions to compel were granted and ultimately a default judgment as to liability was entered against Defendants.[1] (Dkt.

---

[1] The District Judge granted Defendants' motions to reconsider Plaintiffs' motion to
(continued...)

Nos. 53, 63, 90, 121, 139.)

Since entry of the default judgment, Defendants have not provided responses to Plaintiffs' discovery requests.[2]

This matter has been referred by the District Judge to conduct prove-up proceedings. (Dkt. No. 139.)

## LEGAL STANDARD

Rule 37(b)(2) vests a court with authority to sanction a party for failing to obey a court order. Fed.R.Civ.P.37(b)(2). Specifically, Rule 37(b)(2) reads in pertinent part: "If a party . . . fails to obey an order to provide . . . discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence." Fed.R.Civ.P.37(b)(2)(B); *see also* Fed.R.Civ.P.37(c)(1).

A "district court has broad discretion in determining whether to impose sanctions, including

---

[1](...continued)
compel, in part, and gave Defendants another opportunity to respond to the outstanding discovery requests. (Dkt. No. 63.) Defendants, however, never provided the requisite discovery responses.

The District Judge also entered a monetary sanction (i.e., payment of attorneys' fees) against Defendants based on their refusal to provide outstanding discovery. (*See* Dkt. Nos. 53, 63, 98, 106.) To date, Defendants have not paid the subject sanction.

[2]On February 17, 2005, Plaintiffs sent letters to Defendants demanding that they provide complete responses to their document requests and interrogatories related to Plaintiffs' claims for damages and attorneys' fees by March 4, 2005. (Pls.' Mot., Ex. A.) Plaintiffs had previously sent Mr. Folkers a January 21, 2005 letter with the same demand before Mr. Folkers filed a motion, which the District Judge denied, to open the default judgment. (*Id.*) These letters warned Defendants that if they failed to provide the identified discovery, Plaintiffs would seek sanctions which would include an order barring them from presenting evidence at the prove-up hearing. (*Id.*)

2

exclusion of evidence, for discovery violations." *Boynton v. Monarch,* No. 92 C 140, 1994 WL 463905, at *1 (N.D. Ill. Aug. 25, 1994)(*citing Scaggs v. Consolidated Rail Corp.,* 6 F.3d 1290, 1295 (7th Cir. 1993)). However, "[a]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993). Moreover, "Rule 37 sanctions may only be imposed where a party displays 'wifulness, bad faith, or fault.'" *Langley v. Union Electric Co.,* 107 F.3d 510, 514 (7th Cir. 1997)(*quoting Philips Medical Systems Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir. 1992)). Where discovery violations are wilful and unexcused, "a harsh sanction" is justified. *Diehl v. H.J. Heinz Co.,* 901 F.2d 73, 75 (7th Cir. 1990).

## ANALYSIS

Plaintiffs bring the subject motion for sanctions averring that the Court should bar Defendants from presenting evidence at the prove-up hearing because Defendants have failed to comply with their discovery requests and have provided virtually no discovery on issues relating to damages and attorneys' fees. (Pls.' Mot. at 3.) Plaintiffs contend, however, that because Mr. Lattanzio, the defendant who responded to this motion, intends to rely only on their documents and statements, he should be permitted to cross-examine Plaintiffs' witnesses which would include questioning the witnesses about documents produced by Plaintiffs. (Pls.' Reply at 2-3.) Plaintiffs therefore request that the Court enter an order prohibiting Defendants from presenting any documentary or testimonial evidence relating to damages or attorneys' fees at the prove-up hearing. (*Id.* at 3.)

Mr. Lattanzio, on the other hand, contends that he has produced documents to Plaintiffs and that there were additional documents that could be reviewed in person by Plaintiffs. (Lattanzio's

3

Resp. at 1-2.) Mr. Lattanzio asserts, however, that Plaintiffs objected to the production of documents and, moreover, they never traveled to Defendants to review the additional documents. (*Id.* at 2.) Mr. Lattanzio also claims that Plaintiffs have made numerous inconsistent representations and false statements directly to the Court and through the filing of various motions. (*Id.*) Moreover, Mr. Lattanzio avers that when he complained that Plaintiffs refused to disclose discovery in the form of "financial statements" or "damage analysis," Plaintiffs stated they were seeking only the profits from the business and therefore do not have to produce these documents. (*Id.*) Furthermore, at the prove-up hearing, Mr. Lattanzio asserts that he intends to rely on those statements and documents that have been produced by Plaintiffs, those statements that have been made to the Court and those statements and documents which constitute judicial admissions. (*Id.* at 3.)

The Court initially notes that Defendants have violated numerous court orders and have ultimately failed to provide the required discovery. (*See* Dkt. Nos. 53, 63, 90, 121, 139.) Next, Mr. Lattanzio, in his responsive brief, does not deny that he has not provided complete responses to Plaintiffs' discovery requests that relate to Plaintiffs' claims for damages and attorneys' fees. (*See* Lattanzio's Resp.) Moreover, the 15,000 pages of documents that Mr. Lattanzio produced were virtually all irrelevant and most of them were downloaded from the Internet. (*See* Pls.' Reply, Ex. B.) When Mr. Lattanzio produced these 15,000 pages of documents he also indicated that he had "an additional [four] to [six] thousand pages of ancillary questionable production documents" that he would make available for review. (Dkt. No. 130, Pls.' Reply, Ex. A.) However, when Plaintiffs' attorney wrote to Mr. Lattanzio asking him to identify these additional documents by category, he refused to do so. (Pls.' Reply, Ex. 1 at ¶ 6 & Ex. D.)

Accordingly, in light of Defendants egregious and wilful conduct and dilatory tactics, the

4

Court grants Plaintiffs' motion for sanctions and finds that the appropriate sanction herein is to bar Defendants from presenting any documentary or testimonial evidence relating to damages or attorneys' fees at the prove-up hearing. *See e.g., Soderbeck v. Burnett County, Wis.*, 821 F.2d 446, 452-54 (7th Cir. 1987)(if a party fails to serve proper answers to another party's interrogatories the court may prohibit that party from introducing into evidence matters that were requested but not disclosed pursuant to Rules 37(b)(2)(B) and (d)). This sanction is warranted given Defendants should not be permitted to benefit from their own wilful failure to comply with discovery and court orders. *See e.g., Langley*, 107 F.3d at 514; *Diehl*, 901 F.2d at 75. Moreover, Plaintiffs would be prejudiced if Defendants were allowed to present documentary and testimonial evidence because Plaintiffs have almost no discovery on issues relating to damages and attorneys' fees. Mr. Lattanzio and Mr. Folkers, however, will be permitted to cross-examine Plaintiffs' witnesses, including questioning them about documents that the Plaintiffs have produced.[3]

## CONCLUSION

In view of the foregoing, the Court grants Plaintiffs' motion for sanctions.

ENTER:

*Ian H. Levin*

**IAN H. LEVIN**
**United States Magistrate Judge**

Dated: May 3, 2005

---

[3] Mr. Folkers did not respond to the subject motion. Accordingly, the motion is granted as unopposed with respect to Mr. Folkers.

5